**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JOSON R. CARROLL,**

      **Plaintiff,**

      **v.**

**KNOX COUNTY SHERIFF'S**
**OFFICE, JAIL DIVISION,**

      **Defendant.**

      **Case No. 2:25-cv-596**
      **Judge Edmund A. Sargus, Jr.**
      **Magistrate Judge Karen L. Litkovitz**

## ORDER

This matter is before the Court on the Report and Recommendation issued by the Magistrate Judge on September 3, 2025.  (ECF No. 5.)  After reviewing this case on an initial screen, the Magistrate Judge recommends that Plaintiff's Complaint be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief may be granted.

Plaintiff Joson R. Carroll, proceeding in this case *pro se*, filed a civil rights action under 42 U.S.C. § 1983 against Defendant Knox County Sheriff's Office, Jail Division.  (ECF No. 1; ECF No. 5, PageID 36.)  Mr. Carroll moved for leave to proceed *in forma pauperis*.  (ECF No. 3.)  On September 3, 2025, the Magistrate Judge granted Mr. Carroll's application to proceed *in forma pauperis* (ECF No. 4) and issued a Report and Recommendation in which she recommended that the Court dismiss Mr. Carroll's Complaint in its entirety (ECF No. 5).

As explained by the Magistrate Judge, Mr. Carroll alleges that he has been deprived of law library access at the Knox County Jail, which "deeply effects [his] ability to defend [himself] pro se" in his state-court criminal proceedings.  (ECF No. 5, PageID 38–39.)  He also alleges he raised these concerns through a grievance procedure, but the responses were nonsensical, lacked merit,

and there is still no law library. (*Id*.) Mr. Carroll seeks monetary damages and dismissal of his

state-court criminal case as relief for his claims. (*Id.* PageID 39.)

In the Report and Recommendation, the Magistrate Judge concluded that (1) Mr. Carroll's

Complaint fails to state a claim for relief under 42 U.S.C. § 1983 against the Knox County Sheriff's

Office, Jail Division because a county sheriff's office and county jail are not "persons" within the

meaning of 42 U.S.C. § 1983, (2) Mr. Carroll's allegations are insufficient to state an actionable

claim based on denial of access to courts or inadequate grievance procedures and responses, and

(3) to the extent Mr. Carroll seeks relief in the form of dismissal of his state-court criminal charges

or an immediate or speedier release from imprisonment, his sole federal remedy is a petition for

writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 after exhausting state remedies. (*Id.*

PageID 39–41.)

> Once a magistrate judge issues a report and recommendation, the relevant statute provides:
>
> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1). The failure to file written objections to a magistrate judge's report and

recommendation waives a *de novo* determination by the district court of any issues addressed in

the report and recommendation. *Thomas v. Arn*, 728 F.2d 813, 814–15 (6th Cir. 1984), *aff'd*, 474

U.S. 140 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

Mr. Carroll was advised of his right to object to the Report and Recommendation and of

the consequences of failing to do so. (ECF No. 5, PageID 42.) Mr. Carroll did not object to the

Report and Recommendation.

The Court notes that the mail sent to Mr. Carroll containing the Magistrate Judge's Order

on Motion for Leave to Proceed *In Forma Pauperis* and Report and Recommendation was returned as undeliverable to the address provided by Mr. Carroll in the Complaint.  (ECF No. 6.)  Mr. Carroll's *pro se* status does not exempt him from basic requirements of prosecuting an action in this Court.  "A plaintiff has an affirmative duty to notify the court of any change in his address." *Stephens v. Page*, No. 2:24-cv-35, 2024 WL 2701961, at *1 (S.D. Ohio May 24, 2024) (Silvain, M.J.) (quoting *Barber v. Runyon*, No. 93–6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [*pro se* plaintiff's] address changed, she had an affirmative duty to supply the court with notice of any and all changes in her address.")).

Accordingly, the Court **ADOPTS** and **AFFIRMS** the Report and Recommendation (ECF No. 5) and **DISMISSES WITH PREJUDICE** the claims raised in Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Further, the Court certifies that an appeal of this Order adopting the Magistrate Judge's Report and Recommendation would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).  The Clerk is **DIRECTED** to enter judgment, close this case on the Court's docket, and mail a copy of this Order to Plaintiff Joson R. Carroll at 11540 Upper Gilchrist Road, Mount Vernon, OH 43050.

**IT IS SO ORDERED.**

**10/16/2025**
**DATE**

s/Edmund A. Sargus, Jr.
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

3